IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BRANDON GROSSINGER,

  Plaintiff,


v.                              Civil Action No. _____


APRIA HEALTHCARE LLC;

THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA

d/b/a PENN MEDICINE;

PENN MEDICINE DOYLESTOWN HEALTH;

DOE CUSTODIANS 1–10,

  Defendants.


**VERIFIED EMERGENCY COMPLAINT AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**


Plaintiff Brandon Grossinger, proceeding pro se, files this Verified Emergency Complaint and Motion for Temporary Restraining Order and Preliminary Injunction, and states as follows:


## I. NATURE OF ACTION


1. This is a narrow emergency action for preservation, identification, reconciliation, and production of critical medical-device and records information relating to Plaintiff's CPAP history, including recalled and replacement Philips/Respironics-related devices, later replacement devices, chart ownership, audit trail, provenance, and chain of custody.

2. Plaintiff does not seek merits discovery on every issue in his medical history at this time. Plaintiff seeks immediate limited relief because the record remains internally contradictory, no single custodian has taken ownership, a vendor closed Plaintiff's written records request without producing the requested file, and Plaintiff remains exposed to ongoing medical harm while the underlying machine history and record integrity remain unresolved.

3. Plaintiff also seeks email-only written communication as a disability accommodation for this matter and preservation of all related records pending fuller proceedings.

II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff seeks prospective federal injunctive and declaratory relief arising from ongoing disability-related barriers to effective access to medically necessary records and medically necessary follow-up, including claims for equitable relief under federal law, including the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, to the extent applicable to covered Defendants.

5. This Court also has authority to issue temporary restraining and preliminary injunctive relief under Fed. R. Civ. P. 65.

6. Venue is proper in this District because the underlying medical care, charting, vendor interactions, and resulting harm occurred in this District or substantially relate to entities operating here.

III. PARTIES

7. Plaintiff Brandon Grossinger is an adult individual residing in Bucks County, Pennsylvania. Plaintiff has documented disabilities and has repeatedly requested written

communication as an accommodation because fragmented and phone-based systems exacerbate his symptoms and interfere with his ability to preserve accuracy and participate safely in his own care.

8. Defendant Apria Healthcare LLC is the DME/vendor entity associated with Plaintiff's CPAP-related equipment history and records requests.

9. Defendant The Trustees of the University of Pennsylvania d/b/a Penn Medicine is the health-system entity associated with Plaintiff's sleep-medicine and related medical-record issues.

10. Defendant Penn Medicine Doylestown Health is named because Plaintiff's PCP-side chart, portal records, and associated responses reflect unresolved CPAP-related entries and disclaimers of ownership that are intertwined with the Penn/Doylestown integration and records migration.

11. Doe Custodians 1–10 are the presently unidentified persons, offices, departments, or custodians with possession, custody, control, audit access, or reconciliation responsibility for the records and device history at issue.

IV. FACTS

12. On September 12, 2025, Plaintiff sent a written notice to Dr. Charles Bae and Penn Medicine leadership stating that his recent telehealth note was materially inaccurate and incomplete.

13. In that notice, Plaintiff stated that the official note omitted his ADA advocacy request, omitted his question whether a new sleep study was appropriate, omitted CPAP-related discussion, omitted Dr. Bae's statement "I don't know" when asked what medical data had been reviewed to rule out illness or injury from the recalled Philips CPAP device, and inaccurately recorded both the appointment time and the duration of the encounter.

14. On the same date, Plaintiff preserved those objections in a self-saved written correction request, again stating that the official record failed to reflect critical discussion, listed the wrong appointment time, and claimed only a 32-minute video visit even though the encounter continued after video failure and lasted materially longer.

15. Penn did not resolve the problem by identifying a single responsible custodian for the machine history, provenance, audit trail, or associated CPAP charting. Instead, Plaintiff was directed into an amendment process, and then informed that replacement-CPAP-related requests had been referred to Sleep Medicine leadership.

16. On February 4, 2026, Plaintiff's primary-care office expressly stated in writing that neither the physician nor the office had been responsible for management of Plaintiff's sleep apnea or CPAP device and that they did not have the requested provenance information, complete device records, audit trail, or chain-of-custody information. Plaintiff was told he would need to contact Penn sleep medicine for that information.

17. At the same time, the live chart continued to reflect CPAP-related information while different offices disclaimed responsibility for the underlying machine history, remediation status, provenance, audit trail, and follow-up ownership.

18. By that point, Plaintiff had already attempted to obtain the missing chain-of-custody and DME history directly from Apria.

19. Apria generated a closure notice stating: "Your request CS0002670 is Closed. Please raise a new request."

20. In the same written thread, Plaintiff responded by formally requesting his complete Apria medical and DME record going back to the beginning of care, including original and replacement equipment history, serial numbers, model numbers, lot numbers, origin documentation, supply history, billing entries, claims, internal notes, contact history, and recall-related information.

21. Thus, the vendor channel did not solve the problem; instead, the written record reflects a closure notice without production of the requested chain-of-custody and DME file.

22. Plaintiff also pursued a Pennsylvania external complaint/oversight lane through the Bureau of Health Coverage Access, Administration, and Appeals ("HCA3"), under External Complaint Case #320673.

23. On December 22, 2025, HCA3 acknowledged receipt of Plaintiff's submitted documents.

24. On February 10, 2026, HCA3 informed Plaintiff in writing that it was currently processing his complaint and that he would receive a letter detailing the Bureau's findings upon completion of the review.

25. Plaintiff then continued to submit follow-up materials and status requests, including requests for written confirmation of the current status of the investigation, requests for email-only communication as an ADA accommodation, and additional evidence packets regarding ongoing CPAP harm, conflicting records, and unresolved provenance.

26. Despite those submissions, Plaintiff has not located a final HCA3 findings letter corresponding to the review that was expressly promised in writing.

27. On March 16, 2026, Plaintiff sent a further written reconciliation demand documenting that, as best as he could determine from the fractured records, there were at least:

  a. an original DreamStation-related device;

  b. a later recertified or reworked DreamStation-related device;

  c. a later machine sent without Plaintiff's signature;

  d. a current CPAP entry still appearing in the live chart; and

e. unresolved questions about which department or entity owned the prescription history, machine history, follow-up responsibility, and chart accuracy.

28. Plaintiff further documented that this was not one machine and not one office, and that he had never received a clean written explanation of which machine was original, which was recertified/reworked, who ordered each machine, who shipped each machine, who was responsible for serial-number reconciliation, who was responsible for charting CPAP as active, who was responsible for correcting the live record, and who was responsible for follow-up care coordination.

29. The practical result has been that Plaintiff has been pushed in circles among Penn, Doylestown, Apria, and state oversight, with each lane either disclaiming responsibility, redirecting Plaintiff elsewhere, closing a ticket without producing the requested records, or promising findings without delivering them in the record available to Plaintiff.

30. Plaintiff remains unable to obtain a single reconciled, auditable record identifying the responsible custodian or custodians and the device history necessary for safe medical follow-up and record correction.

31. Plaintiff's health and functioning continue to deteriorate while the chart remains contradictory and the machine history remains unresolved.

V. IRREPARABLE HARM

32. This matter presents immediate and irreparable harm because the unresolved CPAP/device history and contradictory charting directly affect Plaintiff's ability to obtain safe medical care, understand what device history he was exposed to, challenge inaccurate chart entries, and secure appropriate follow-up.

33. Monetary relief alone cannot repair the ongoing risk created by a contradictory live record, missing provenance, unidentified custodians, and possible ongoing alteration or carry-forward of unresolved CPAP entries without a clear audit trail.

34. Plaintiff has already attempted the less drastic routes. He wrote to Penn, wrote to Doylestown, wrote to Apria, responded in writing when Apria closed the request, and pursued the HCA3 state complaint lane. None of those efforts produced a final reconciled record or a single accountable custodian.

VI. CLAIM FOR PROSPECTIVE DECLARATORY AND INJUNCTIVE RELIEF

35. Plaintiff incorporates the preceding paragraphs.

36. Defendants' continuing failure to identify the responsible custodian or custodians, preserve and reconcile the relevant records, provide effective written-access accommodation, and produce the discrete medical-device and audit-trail information at issue has denied Plaintiff equal and effective access to medically necessary records and medically necessary follow-up.

37. Plaintiff seeks only narrow, prospective relief necessary to stabilize the record, prevent further harm, and ensure preservation and production of the discrete materials needed for reconciliation.

VII. EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

38. Plaintiff moves for a temporary restraining order and preliminary injunction requiring Defendants, pending further order of Court, to do the following:

a. Preserve immediately all records, communications, portal records, audit logs, metadata, chart history, device records, DME records, billing records, shipment records, signature records, serial-number records, remediation/recall records, and internal notes relating to Plaintiff's CPAP history, sleep-apnea care, and associated portal/chart entries;

b. Identify in writing within 48 hours the individual(s), office(s), and entity or entities with possession, custody, control, audit access, and reconciliation responsibility for:

i. the live CPAP-related chart entries;

ii. the audit trail for those entries;

iii. original and replacement device history;

iv. shipment/delivery/signature records;

v. serial-number and provenance records; and

vi. recall/remediation records;

c. Produce within 7 days the complete discrete file in Defendants' possession, custody, or control sufficient to identify: original machine, replacement machine(s), recertified/reworked machine(s), any unsigned shipment, serial numbers, model numbers, shipment dates, delivery dates, signature records, audit logs, chart-entry history, and the person(s) who added, modified, removed, carried forward, or reclassified CPAP-related entries;

d. Refrain from further alteration of CPAP/device-related chart entries except through auditable changes preserved with complete date/time/user history;

e. Provide all communications in writing by email to Plaintiff as an accommodation pending further order;

f. Provide a written reconciliation statement identifying which entity owns responsibility for device provenance, chart correction, and care-coordination follow-up.

39. The requested relief is narrowly tailored. Plaintiff does not seek broad merits discovery at this stage. Plaintiff seeks only the limited stabilization, preservation, identification, and production necessary to stop the ongoing records-access and reconciliation failure.

40. Plaintiff is likely to succeed at least on his claim for narrow prospective injunctive relief requiring preservation, identification of responsible custodians, and production of discrete records necessary to ensure equal and effective access to medically necessary records and follow-up.

41. Plaintiff is suffering irreparable harm because the unresolved CPAP/device history, contradictory charting, and missing provenance directly impair his ability to obtain safe care, challenge inaccuracies, and prevent further deterioration of the record.

42. The balance of equities favors Plaintiff because the requested relief is limited to preservation, reconciliation, identification, and discrete production of records already within Defendants' possession, custody, or control.

43. The public interest favors accurate medical records, preservation of evidence, accountability of custodians, and disability-access accommodations in medically necessary communications and follow-up.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter a temporary restraining order and preliminary injunction as set forth above;

2. Order immediate preservation of all relevant records and metadata;

3. Order written identification of the responsible custodian or custodians;

4. Order prompt production of the discrete device/provenance/audit materials described above;

5. Order that communications in this matter be made in writing by email as an accommodation;

6. Grant such other narrowly tailored declaratory or injunctive relief as the Court deems just and necessary to prevent continuing irreparable harm.

Respectfully submitted,

Brandon Grossinger

4298 Tersher Drive

Doylestown, PA 18902

bgrossinger2@gmail.com

Pro Se Plaintiff

Email-only communication requested as disability accommodation

Date: April 20, 2026

VERIFICATION

I, Brandon Grossinger, declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief, formed after reasonable review of the documents presently available to me, and that this filing is

submitted as a partial emergency record due to disability-related limitations, active symptom flare, and time constraints. I reserve the right to supplement promptly.


Executed on: April 20, 2026


Brandon Grossinger